UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID N. ZIMMERMAN, et al.,

    Plaintiffs,

v.                                                  Case No. 16-14005

DIPLOMAT PHARMACY, INC.,                  HON. AVERN COHN
PHILIP R. HAGERMAN,
GARY W. KADLEC, and
SEAN M. WHELAN,

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 39)**

### **I.   INTRODUCTION**

This is a shareholder class action case.[1] The case involves allegations of federal securities fraud under Sections 10(b) and 20(a) the Securities Exchange Act of 1934 (the "Exchange Act") and under U.S. Securities and Exchange Commission ("SEC") Rule 10b-5. Sections 10(b) of the Securities Exchange Act of 1934 is codified under 15 U.S.C. § 78j, Section 20(a) of the Securities Exchange Act of 1934 is codified under 15 U.S.C. § 78t, and SEC Rule 10b-5 is codified under 17 C.F.R. § 240.10b-5. Lead Plaintiffs David Zimmerman, William Kitsonas, and the Government Employees Retirement System of the Virgin Islands ("Plaintiffs") are suing Diplomat Pharmacy Inc.,

---

[1] The case was reassigned to the undersigned upon the retirement of Judge O'Meara. (Doc. 40).

Philip Hagerman, Sean Whelan, and Gary Kadlec ("Defendants"), claiming that material misrepresentations, made knowingly or recklessly, resulted in a breach of federal securities law. Plaintiffs' complaint states two counts:

1. All Defendants violated §10(b) of the Exchange Act and SEC Rule 10b-5, and
2. Individual Defendants Philip Hagerman, acting as Chief Executive Officer of Diplomat Pharmacy Inc., and Sean Whelan, acting as Chief Financial Officer of Diplomat Pharmacy Inc., violated § 20(a) of the Exchange Act.

(Doc. 1). Plaintiffs' detailed complaint seeks damages.

Now before the Court is Defendants' Motion for Reconsideration (Doc. 39) regarding a previous denial of Defendants' Motion to Dismiss (Doc. 23). For the reasons that follow, the motion is DENIED.

## II. BACKGROUND

Plaintiffs are shareholders of Diplomat Pharmacy Inc. ("Diplomat"), and have sued on behalf of all purchasers of Diplomat common stock between February 29, 2016 and November 03, 2016. Diplomat is a corporation dealing primarily in the dispensing of specialty drugs. Many of these specialty drugs cost thousands of dollars, some of which can cost anywhere between $30,000 and $40,000.

According to the complaint, Defendants were notified by Diplomat's largest pharmacy benefits manager (Caremark) that direct and indirect remuneration fees would be changed from a flat fee of $3 to $7 per prescription, to a percentage range of 3% to 5% per prescription. With Diplomat's drug prices costing thousands of dollars, this change to a percentage-fee structure would have a substantial impact on company profits. Although the notice of increased remuneration fees took place in late 2015,

Diplomat did not properly disclose the impact of these price increases to shareholders until the third-quarter of its 2016 fiscal year. The material omission of these remuneration fees from Diplomat's 10-k and 10-Q reports is the basis for the current lawsuit.

In the complaint, Plaintiffs point to reasons for why Diplomat executive officers would knowingly or recklessly fail to disclose the price increases, including: (1) maintaining higher stock prices during a possible acquisition by CVS Health Co., which would increase the personal gain of Diplomat executives if a cash purchase of the company resulted, and (2) company executives delayed reporting in order to benefit from executive incentives regarding performance-based revenue targets for the class period.

### III.   LEGAL STANDARD

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan provides "the movant must not only demonstrate a palpable defect by which the court . . . ha[s] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a defect that is considered "obvious, clear, unmistakable, manifest or plain." Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D. Mich. 2001).  Additionally, the movant must show that "correcting the defect will result in a different disposition of the case." Hansmann v. Fid. Invs. Institutional Servs. Co., 326 F.3d 760, 767 (6th Cir. 2003).

## IV.    ANALYSIS

### A.

As Judge O'Meara correctly stated in his Opinion and Order Denying Defendants' Motion to Dismiss:

> To state a claim for securities fraud a plaintiff must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011). This claim is subject to the pleading standards of the PSLRA,[2] which require allegations to be stated with particularity.

(Doc. 36).

The PSLRA requires a complaint to "state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313 (2007). The facts evidencing scienter must "giv[e] rise to a strong inference that the defendant acted with the required state of mind." Id. at 314 (citing 15 U.S.C. § 78u–4(b)(2)). "An inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." Id.

### B.

Defendants argue the Court applied the wrong standard in denying their motion to dismiss because the Court cites Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). While the Court cited Twombly, it also articulated the proper standard at the outset of the opinion, which is that the "claim is subject to the pleading standards of the PSLRA,

---

[2] Private Securities Litigation Reform of 1995, 109 Stat. 737.

4

which require allegations to be stated with particularity." (Doc. 36). There is no defect within the order that could be considered "obvious, clear, unmistakable, manifest or plain," such that the wrong standard was applied. Fleck, 177 F.Supp.2d at 624. In fact, Defendants recognize that certain elements of the complaint are governed by the standard advanced by Twombly. (Doc. 39 at p. 6) ("unlike scienter or falsity, [the element of] loss causation is *not* subject to a heightened pleading standard" (emphasis in original)). Thus, its citation within the opinion is not unusual, nor can it be construed as palpable evidence that the Court was misled to apply an inappropriate pleading standard.

Even if the Court had applied the wrong pleading standard—which it did not—Defendants fail to convince the Court that applying the heightened pleading standard under the PSLRA would result in a different disposition of the case. Plaintiffs' one-hundred and thirty-eight paragraphed complaint outlines a detailed claim for securities fraud with sufficient particularity. Although the "inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent," Plaintiffs have satisfied this standard. Tellabs, 551 U.S. at 313. "The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking-gun' genre, or even the 'most plausible of competing inferences.'" Id. at 324 (quoting Fidel v. Farley, 392 F.3d 220, 227 (2004)). Instead, this Court must "assess the allegations holistically," and "ask: When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" Id. This

Court answers in the affirmative and finds that Plaintiffs' complaint meets the requirements of the PLSRA.

## V. CONCLUSION

Defendants have failed to meet the standard for reconsideration. The Court did not err in denying Defendants' motion to dismiss. The Case Manager is directed to set a status conference on the case.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: 8/9/2018
Detroit, Michigan