UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| DAVID N. ZIMMERMAN, Individually and on Behalf of All Others Similarly Situated, | Civ. No. 2:16-cv-14005-AC-SDD |
| | Hon. Avern Cohn |
| Plaintiff, | CLASS ACTION |
| vs. | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| DIPLOMAT PHARMACY, INC., et al., | |
| Defendants. | |

This matter came before the Court for hearing on August 20, 2019, pursuant to an Order of this Court, dated May 7, 2019, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated April 22, 2019 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on April 22, 2019. All terms used herein shall have the same meanings set forth in the Stipulation, unless otherwise defined herein.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. **Class Certification**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement only, a Class of all Persons who purchased Diplomat Pharmacy, Inc. ("Diplomat") common stock from February 29, 2016 through and including November 3, 2016. Excluded from the Class are Defendants, members of each Defendant's immediate

family, any entity in which any Defendant has or had a controlling interest, directors and senior executive officers of Diplomat during the Class Period, and Defendants' legal representatives, heirs, successors, or assigns of any such excluded party.  By definition, also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice, of which there are none.

4. With respect to the Class, this Court finds, for the purposes of effectuating this Settlement only, that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.  **Final Settlement Approval and Dismissal of Claims**. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed on the merits and with prejudice as to the Lead Plaintiffs and all of the other Members of the Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects (including, without limitation, the Settlement Amount, the releases provided for therein, including the release of the Released Claims as against the Released Parties, and the dismissal with prejudice of claims against the Defendants), fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and

provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.   **Releases**. The releases as set forth in Section 5 of the Stipulation are expressly incorporated herein in all respects. Accordingly, upon the Effective Date, without any further action by anyone, Lead Plaintiffs, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.   Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation or (ii) the Released Claims.

9.   Upon the Effective Date, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined

from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

10. **Notice**. The distribution of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (i) of the pendency of the Litigation, (ii) of the effect of the Settlement (including the releases provided for therein), (iii) of Lead Counsel's motion for an award of attorneys' fees and expenses, (iv) of their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and expenses, (v) of their right to exclude themselves from the Class, and (vi) of their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive such notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the Rules of the Court, and all other applicable law and rules. No Class

Member is relieved from the terms of the Settlement (including the releases provided for therein), based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.

11. Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, *et seq.* Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States and the Attorneys General in the states in which Members of the Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

12. **Plan of Allocation and Fee and Expense Award**. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

13. Any appeal or any challenge affecting approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any

attorney's fee and expense application shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

14. In the event that the Effective Date does not occur, or this Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification. Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that the law firms and its respective partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are each severally liable and responsible for any required repayment. Without limitation, Lead Counsel and their partners agree that the Court may, upon application of the Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Lead Counsel fail to timely repay fees and expenses pursuant to this provision.

15.     **No Admissions**.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation and enforcement of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Class Members and all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

17. **Rule 11 Compliance**. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. **Modification of the Stipulation**. Without further approval from the Court, Lead Plaintiffs and the Defendants are hereby authorized to mutually agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Defendants may mutually agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. **Termination**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the

Stipulation, and each party shall be restored to his, her or its respective position as it existed prior to April 1, 2019.

20. **Entry of Final Judgment**.  There is no just reason to delay the entry of this Judgment as a final judgment as against all the Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against all the Defendants.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

DATED: 8/20/2019               s/Avern Cohn
                                        THE HONORABLE AVERN COHN
                                        UNITED STATES DISTRICT JUDGE